LAWRENCE McILVANE, PLAINTIFF, v. T. J. M. CONTRACT-ING COMPANY, PAUL PELO AND TESSIE PELO, DE-FENDANTS.

Decided September 27, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, T. J. M. Contracting Company, *Freeman Woodbridge* (*Edward W. Hicks,* of counsel).

*Contra,* Paul Pelo and Tessie Pelo, *James A. Messina.*

PER CURIAM.

The facts, as briefly stated as can be, are as follows: On March 6th, 1923, Lawrence McIlvane, in an action in tort, brought against T. J. M. Contracting Company and Paul Pelo, for injuries sustained by the former, through negligence of the contracting company, by its servant, Paul Pelo, obtained a judgment against them, which judgment, with costs, amounted to $559.35.

On March 21st, 1923, the Globe Indemnity Company, in which company the contracting company had an insurance policy covering accidents, paid the full amount of the judgment against the contracting company and Pelo, solely for the benefit of the contracting company. Testimony, taken under the rule to show cause allowed in this case, showed that at the time the Globe Indemnity Company gave its check for the amount of the judgment to McIlvane, the latter made an assignment of the judgment to the contracting company. The check is dated March 21st, 1923, and the assignment bears date March 27th, 1923.

The assignment contains the provision that the holder of the judgment assigns "the said judgment and all sums of money that may be had and obtained by means thereof, or any proceedings to be had thereon, to the end that, pursuant to the statute in such case made and provided, the said T. J. M. Contracting Company may have and hold the said judgment as above, against the said Paul Pelo, defendant in said judgment, jointly liable thereon with the said T. J. M. Contracting Company for such amount as the said T. J. M. Contracting Company may be lawfully entitled to recover, have and receive from said Paul Pelo, as joint defendant with it in said judgment; and to the end that such payment by the T. J. M. Contracting Company shall not operate as a release or discharge, as on said judgment as to the said Paul Pelo."

The testimony further discloses that the assignment of McIlvane to the contracting company was recorded April 10th, 1923. On December 15th, 1926, the contracting company in its turn assigned the judgment which had been ob-

tained against it and Paul Pelo, to Tessie Pelo. The latter, on April 5th, 1927, caused an execution to be issued out of this court directed to the sheriff of Middlesex county to make a levy under said judgment on the goods and chattels of the T. J. M. Contracting Company, and with this direction the sheriff complied.

So far as the contracting company is concerned, the judgment against it was fully paid and satisfied. It clearly appears from the various assignments that the intention of the parties was to keep the judgment alive solely as to Paul Pelo, but whether it did so or not, or extinguished the judgment against both, is of no concern here. The judgment against the contracting company having been fully paid and satisfied there was no legal basis for the issuance of an execution against the property of the contracting company, and, therefore, the execution will be vacated and set aside.